UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEPHENS MEDIA LLC,<br>　　　　　　　　　　Plaintiff,<br>　v.<br>CITIHEALTH, LLC,<br>　　　　　　　　　　Defendant. | Case No. 2:09-cv-02285-MMD-NJK<br><br>ORDER<br><br>(Plf.'s Motion for Atty's Fees – dkt. no. 26) |

**I.　INTRODUCTION**

Before the Court is Plaintiff Stephen Media's Motion for Attorneys' Fees. (Dkt. no. 26.) The Motion is granted for the reasons discussed herein.

**II.　RELEVANT BACKGROUND**

The Court's previous Order granting Plaintiff's Motion for Default Judgment provides a brief summary of the allegations supporting Plaintiff's trademark infringement and related claims. (Dkt. no. 22.) Plaintiff's claims are premised on Defendant's infringement of its registered four trademarks relating to its "Best of Las Vegas" mark. The Court granted default judgment on all six claims for: (1) mark infringement under the Lanham Act, 15 U.S.C. § 1114(1)(a); (2) false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a); (3) mark dilution under the Lanham Act, 15 U.S.C. § 1125(c); (4) common law mark infringement; (5) mark dilution under NRS § 600.435; and (6) common law misappropriation of licensable commercial property. Plaintiff also sought an award of fees and costs and requested leave to file motion for such fees and costs pursuant to the Local Rules. The Court granted Plaintiff's request. Plaintiff timely submitted its motion for an award of fees and costs.

## III.    DISCUSSION

The Court agrees with Plaintiff that it is entitled to an award of fees and costs. Having determined that Plaintiff is entitled to attorneys' fees, the Court turns to the question of whether the amount of attorneys' fees requested is reasonable.[1]

Reasonable attorney's fees are based on the "lodestar" calculation set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). *See Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). The Court must first determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley*, 461 U.S. at 433. Next, the Court decides whether to adjust the lodestar calculation based on an evaluation of the factors articulated in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation. *See Fischer*, 214 F.3d at 1119 (citation omitted).

The factors the Ninth Circuit set forth in *Kerr* are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr*, 526 F.2d at 70. Factors one through five are subsumed in the lodestar calculation. *See Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996). Further, the sixth factor, whether the fee is fixed or contingent, *may not* be considered in the lodestar calculation. *See Davis v. City & Cnty. of S.F.*, 976 F.2d 1536, 1549 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993). Once calculated, the "lodestar" is presumptively reasonable. *See Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 728 (1987). Finally, only in "rare and exceptional cases" should a court adjust the lodestar figure. *Van Gerwen v. Guarantee Mut. Life Co.*,

---

[1] The Clerk has resolved the issue of costs. (Dkt. no. 28.)

214 F.3d 1041, 1045 (9th Cir. 2000) (internal quotations omitted); *see also Fischer*, 214 F.3d at 1119 n. 4 (stating that the lodestar figure should only be adjusted in rare and exceptional cases).

Courts consider the experience, skill, and reputation of the attorney requesting fees when determining the reasonableness of an hourly rate. *Webb v. Ada County*, 285 F.3d 829, 840 & n.6 (9th Cir. 2002). A reasonable hourly rate should reflect the prevailing market rates of attorneys practicing in the forum community for "similar services by lawyers of reasonably comparable skill, experience and reputation." *See id.*; *see also Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984). To inform and assist the court in the exercise of its discretion, the party requesting fees should submit evidence to support the rates as well as the hours worked. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1263 (9th Cir. 1987). A rate determined through affidavits is normally deemed to be reasonable. *Blum*, 465 U.S. at 895-96 n.11.

Plaintiff requests a total of $23,933.10 in attorneys' fees as follows. Plaintiff incurred $16,586.60 in fees with prior counsel for services rendered from February 3, 2009, through July 30, 2010. Plaintiff incurred $7,346.50 with current counsel for services rendered from May 24, 2012, through August 27, 2012, in connection with the motion for default judgment. After considering the evidence submitted, the Court finds that the attorneys' hourly rates are reasonable and the hours worked are reasonable. Accordingly, Plaintiff's request for an award of attorneys' fees in the amount of $23,933.10 is granted.

### IV. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion for Attorneys' Fees (dkt. no. 26) is GRANTED.

DATED THIS 7th day of August 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE